

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-305-CR

MOISES ANTONIO CARCAMO A/K/A                 APPELLANT
MOISES PORTILLO CARCAMO

V.

THE STATE OF TEXAS                                       STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Moises Antonio Carcamo a/k/a Moises Portillo Carcamo entered an open plea of guilty to two counts of indecency with a child by contact. After the trial court heard testimony from Appellant, his brother, a family friend, and the victim's mother, the trial court found Appellant guilty and sentenced

---

[1] *See* Tex. R. App. P. 47.4.

him to ten years' confinement on each count, with the sentences to run concurrently.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal.[2] We gave Appellant an opportunity to file a pro se brief, and Appellant filed three letters with this court arguing his sentence was unfair.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no

---

[2] Acknowledging a potential failure to preserve error, counsel also presented what he termed an "arguable" point of error that Appellant's sentence constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions. Appellant failed to preserve error by not raising this argument at the time his sentence was imposed or in a motion for new trial. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Appellant's letters, and the appellate record.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 15, 2009

3