

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-343-CR

JEREMEY LEE                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Jeremey Lee entered an open plea of guilty to one count of aggravated robbery with a deadly weapon. After the trial court heard testimony from the complainant, a courtroom deputy, Appellant, Appellant's mother, and Appellant's girlfriend, the trial court found Appellant guilty and sentenced him to forty years' confinement.

---

[1] *See* Tex. R. App. P. 47.4.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal.[2] We gave Appellant an opportunity to file a pro se brief, and Appellant filed a pro se brief that raises eight points.[3] The State also filed a brief.[4]

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991);

---

[2] Counsel also presented what he termed an "arguable" point of error that Appellant's sentence constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions. However, Appellant failed to preserve error by not raising this argument at the time his sentence was imposed or in a motion for new trial. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

[3] Appellant's eight points overlap in several respects, but Appellant raises issues relating to the voluntariness of his open plea, alleged prosecutorial misconduct, ineffective assistance of counsel, and improper reliance on the pre-sentence investigation report.

[4] The State contends each of Appellant's eight points is not preserved, expressly refuted by the record, or not supported by the record.

*Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

We have carefully reviewed counsel's brief, Appellant's brief, the State's brief, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 25, 2009