COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                       NO.  2-08-343-CR

 

 

JEREMEY LEE                                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Jeremey Lee entered an open plea of guilty to one count of aggravated robbery
with a deadly weapon.  After the trial
court heard testimony from the complainant, a courtroom deputy, Appellant,
Appellant=s mother, and Appellant=s
girlfriend, the trial court found Appellant guilty and sentenced him to forty
years=
confinement.








Appellant=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of the motion.  In the brief,
counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and demonstrating why there are no arguable grounds for appeal.[2]  We gave Appellant an opportunity to file a
pro se brief, and Appellant filed a pro se brief that raises eight points.[3]  The State also filed a brief.[4]








After an
appellant=s court‑appointed counsel
files a motion to withdraw on the ground that the appeal is frivolous and
fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).

Because
Appellant entered an open plea of guilty, our independent review for potential
error is limited to potential jurisdictional defects, the voluntariness of
Appellant=s plea, error that is not
independent of and supports the judgment of guilt, and error occurring after
entry of the guilty plea.  See Monreal
v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

We have
carefully reviewed counsel=s brief,
Appellant=s brief, the State=s brief,
and the appellate record.  We agree with
counsel that this appeal is wholly frivolous and without merit; we find nothing
in the record that arguably might support any appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment.

PER CURIAM

 

PANEL: GARDNER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]Counsel also presented
what he termed an Aarguable@ point of error that
Appellant=s sentence constitutes
cruel and unusual punishment in violation of the United States and Texas
Constitutions.  However, Appellant failed
to preserve error by not raising this argument at the time his sentence was
imposed or in a motion for new trial.  See
Kim v. State, 283 S.W.3d 473, 475 (Tex. App.CFort Worth 2009, pet. ref=d).





[3]Appellant=s eight points overlap in
several respects, but Appellant raises issues relating to the voluntariness of
his open plea, alleged prosecutorial misconduct, ineffective assistance of
counsel, and improper reliance on the pre-sentence investigation report.





[4]The State contends each
of Appellant=s eight points is not
preserved, expressly refuted by the record, or not supported by the record.