

**NUMBERS**
**13-10-00292-CR**
**13-10-00293-CR**
**13-10-00294-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**HENRY G. MONTEMAYOR, JR.,**            **Appellant,**

**v.**

**THE STATE OF TEXAS,**            **Appellee.**

---

**On appeal from the 36th District Court
of San Patricio County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes
Memorandum Opinion by Justice Garza**

Pursuant to a plea bargain, appellant, Henry G. Montemayor Jr., pleaded guilty to

three offenses of third-degree felony driving while intoxicated.[1]  *See* TEX. PENAL CODE

---

[1] In appellate cause number 13-10-292-CR, appellant pleaded guilty to an offense committed on

ANN. § 49.04 (Vernon 2003); § 49.09(b) (Vernon Supp. 2010). By two issues, he contends that: (1) he received ineffective assistance of counsel; and (2) his sentences were unconstitutionally disproportionate given his "mental status," and thus violate the Eighth Amendment to the United States Constitution. We affirm.

## I. BACKGROUND

On August 28, 2009, in each cause, the trial court accepted appellant's plea, sentenced him to ten years' imprisonment, suspended the sentences, and placed him on community supervision for ten years.[2] *See id.* § 12.34 (Vernon Supp. 2010); TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2010). On March 9, 2010, the State filed identical motions to revoke in each cause, alleging that appellant had violated the terms of his community supervision by (1) failing to successfully complete treatment for substance abuse, and (2) exposing himself to a counselor intern at a substance abuse facility.

At a hearing on April 16, 2010, appellant pleaded "true" to the State's allegations. The trial court found the allegations "true" and revoked appellant's community supervision. After considering the pre-sentence investigation report and testimony from appellant and Dianna Herschap, a counselor intern at a substance abuse facility where appellant resided, the trial court sentenced appellant to ten years' imprisonment in each cause[3] and imposed a $2,500 fine in appellate cause number 13-10-292-CR. This

---

January 2, 2009. In appellate cause number 13-10-293-CR, he pleaded guilty to an offense committed on March 13, 2009; in appellate cause number 13-10-294-CR, he pleaded guilty to an offense committed on March 31, 2009.

[2] In appellate cause number 13-10-292-CR, the trial court also imposed a fine of $2,500. *See* TEX. PENAL CODE ANN. § 12.34(b) (Vernon Supp. 2010).

[3] Although the judgments do not so specify, the trial court ordered the sentences to run concurrently.

appeal followed.

## II. Ineffective Assistance

By his first issue, appellant contends his counsel was ineffective by failing to investigate appellant's claims that Herschap acted improperly by making "a game" of looking at him naked in the shower. According to appellant, his counsel failed to thoroughly cross-examine Herschap and "failed to present mitigating evidence on the allegations."

### A. Standard of Review

Ineffective assistance of counsel claims are evaluated under the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The *Strickland* test requires the appellant to show that counsel's performance was deficient, or in other words, that counsel's assistance fell below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 687. Assuming appellant has demonstrated deficient assistance, he must then show that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694. In determining the validity of appellant's claim of ineffective assistance of counsel, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* Appellant must overcome the strong presumption

3

that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851.

## B. Analysis

An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6 (setting out that "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*"); *see Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc) (stating that "we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he made all significant decisions in the exercise of reasonable professional judgment" and that "[d]ue to the lack of evidence in the record concerning trial counsel's reasons" for the alleged ineffectiveness, the court was "unable to conclude that appellant's trial counsel's performance was deficient") (internal quotations omitted). Here, the record is silent regarding trial counsel's reason

for failing to aggressively cross-examine Herschap and for failing to present evidence regarding appellant's claims that Herschap and other counselors engaged in misconduct.[4]  Therefore, appellant has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy.  *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851.

Furthermore, appellant does not address at all the second prong of *Strickland*: whether there is a reasonable probability that but for trial counsel's alleged errors, the result would have been different.  *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694.  Therefore, appellant has not met his burden to prove ineffective assistance of counsel by a preponderance of the evidence.  *Thompson*, 9 S.W.3d at 813.  We overrule appellant's first issue.

### III. DISPROPORTIONATE SENTENCES

By his second issue, appellant contends that his sentences are excessive "given [his] mental status."  Appellant points us to no evidence in the record suggesting that he is incompetent.  Appellant asserts that his "past mental health issue raised the issue of incompetency," and cites a sentence included in the State's "Supervision/Violation Summary and Recommendation":  "The defendant brought up issues of mental health after being unsuccessfully discharged, was transported to Jester 4 in Richmond, Texas for a psychiatric evaluation and diagnosis or condition was deferred on Axis I."  Appellant provided no further explanation or argument as to how this statement

---

[4] We note that even if appellant's counsel had established misconduct by Herschap, appellant admitted that he exposed himself.  He pleaded "true" to the allegations, and acknowledged that he "did wrong" and "should have controlled [himself]."  Herschap testified that she "felt disgusted" when appellant exposed himself.

5

supports his claim that "his past mental health issue raised the issue of incompetency." No issue was raised to the trial court regarding appellant's competency at the revocation hearing. At the hearing, appellant addressed the court articulately on his own behalf, requesting that the judge "see all sides of this" and make a judgment based on appellant's DWI history instead of the sexual misconduct. To the extent that appellant argues that he should have been given a more lenient sentence given his "mental status," we find the argument to be without merit.

Moreover, to preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.–Fort Worth 2009, pet. ref'd) ("To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Noland v. State*, 264 S.W.3d 144, 151-52, (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object). Here, appellant did not object to his punishment at the hearing. Although his counsel later filed a "Motion for Reconsideration or Reduction of Sentence" in each case, the motion asserts only that the sentences create "a hardship and burden"; it does not assert that the sentences are unconstitutionally disproportionate. We hold that appellant failed to preserve the issue for review. *See* TEX. R. APP. P. 33.1; *Quintana*, 777 S.W.2d at 479. We overrule appellant's second issue.

6

## IV. CONCLUSION

We affirm the trial court's judgments in cause numbers 13-10-292-CR, 13-10-293-CR, and 13-10-294-CR.

_____\
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
17th day of March, 2011.