NUMBERS

13-10-00292-CR

13-10-00293-CR

13-10-00294-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

HENRY G. MONTEMAYOR, JR.,                                                Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 36th
District Court

of San Patricio County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes

Memorandum Opinion by
Justice Garza

 

            Pursuant to a plea
bargain, appellant, Henry G. Montemayor Jr., pleaded guilty to three offenses
of third-degree felony driving while intoxicated.[1] 
See Tex. Penal Code Ann. § 49.04 (Vernon
2003); § 49.09(b) (Vernon Supp.
2010).  By two issues, he contends that:  (1) he received ineffective
assistance of counsel; and (2) his sentences were unconstitutionally
disproportionate given his “mental status,” and thus violate the Eighth
Amendment to the United States Constitution.  We affirm.

I. 
Background

              On August 28, 2009, in
each cause, the trial court accepted appellant’s plea, sentenced him to ten
years’ imprisonment, suspended the sentences, and placed him on community
supervision for ten years.[2] 
See id. § 12.34 (Vernon
Supp. 2010); Tex. Code Crim. Proc. Ann. art.
42.12 (Vernon Supp. 2010).  On March 9, 2010, the State filed identical motions
to revoke in each cause, alleging that appellant had violated the terms of his
community supervision by (1) failing to successfully complete treatment for
substance abuse, and (2) exposing himself to a counselor intern at a substance
abuse facility.

            At a hearing on April 16,
2010, appellant pleaded “true” to the State’s allegations.  The trial court
found the allegations “true” and revoked appellant’s community supervision. 
After considering the pre-sentence investigation report and testimony from
appellant and Dianna Herschap, a counselor intern at a substance abuse facility
where appellant resided, the trial court sentenced appellant to ten years’
imprisonment in each cause[3]
and imposed a $2,500 fine in appellate cause number 13-10-292-CR.  This appeal
followed.     

II. 
Ineffective Assistance

            By his
first issue, appellant contends his counsel was ineffective by failing to
investigate appellant’s claims that Herschap acted improperly by making “a
game” of looking at him naked in the shower.  According to appellant, his
counsel failed to thoroughly cross-examine Herschap and “failed to present
mitigating evidence on the allegations.”  

A.   Standard of Review 

            Ineffective
assistance of counsel claims are evaluated under the two-part test articulated
by the United States Supreme Court in Strickland v. Washington.  See
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing Strickland
v. Washington, 466 U.S. 668, 687 (1984)); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999).  The Strickland test requires
the appellant to show that counsel's performance was deficient, or in other
words, that counsel's assistance fell below an objective standard of reasonableness.
 Thompson, 9 S.W.3d at 812; see Strickland, 466 U.S. at 687.  Assuming
appellant has demonstrated deficient assistance, he must then show that there
is a reasonable probability that, but for counsel's errors, the result would
have been different.  Thompson, 9 S.W.3d at 812; see Strickland,
466 U.S. at 694.  In determining the validity of appellant's claim of
ineffective assistance of counsel, "any judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight."
 Thompson, 9 S.W.3d at 813.

            The
burden is on appellant to prove ineffective assistance of counsel by a
preponderance of the evidence.  Id.  Appellant must overcome the strong
presumption that counsel's conduct fell within the wide range of reasonable
professional assistance and that his actions could be considered sound trial
strategy.  See Strickland, 466 U.S. at 689;  Jaynes v. State, 216
S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.).  A reviewing court
will not second-guess legitimate tactical decisions made by trial counsel.  State
v. Morales, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless
there is a record sufficient to demonstrate that counsel's conduct was not the
product of a strategic or tactical decision, a reviewing court should presume
that trial counsel's performance was constitutionally adequate . . . ."). 
Counsel's effectiveness is judged by the totality of the representation, not by
isolated acts or omissions.  Thompson, 9 S.W.3d at 813; Jaynes,
216 S.W.3d at 851.

B.  Analysis

            An
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Bone v.
State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d
at 814 n.6 (setting out that "in the vast majority of cases, the
undeveloped record on direct appeal will be insufficient for an appellant to
satisfy the dual prongs of Strickland"); see Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc) (stating that "we
must presume that counsel is better positioned than the appellate court to
judge the pragmatism of the particular case, and that he made all significant
decisions in the exercise of reasonable professional judgment" and that
"[d]ue to the lack of evidence in the record concerning trial counsel's
reasons" for the alleged ineffectiveness, the court was "unable to
conclude that appellant's trial counsel's performance was deficient")
(internal quotations omitted).  Here, the record is silent regarding trial
counsel's reason for failing to aggressively cross-examine Herschap and for
failing to present evidence regarding appellant’s claims that Herschap and
other counselors engaged in misconduct.[4] 
Therefore, appellant has not overcome the strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance and
that his actions could be considered sound trial strategy.  See Strickland,
466 U.S. at 689; Jaynes, 216 S.W.3d at 851.  

Furthermore,
appellant does not address at all the second prong of Strickland: 
whether there is a reasonable probability that but for trial counsel's alleged
errors, the result would have been different.  Thompson, 9 S.W.3d at
812; see Strickland, 466 U.S. at 694.  Therefore, appellant has not met
his burden to prove ineffective assistance of counsel by a preponderance of the
evidence.  Thompson, 9 S.W.3d at 813.  We overrule appellant's first
issue.

III. 
Disproportionate Sentences

            By his second issue,
appellant contends that his sentences are excessive “given [his] mental
status.”  Appellant points us to no evidence in the record suggesting that he
is incompetent.  Appellant asserts that his “past mental health issue raised
the issue of incompetency,” and cites a sentence included in the State’s
“Supervision/Violation Summary and Recommendation”:  “The defendant brought up
issues of mental health after being unsuccessfully discharged, was transported
to Jester 4 in Richmond, Texas for a psychiatric evaluation and diagnosis or
condition was deferred on Axis I.”  Appellant provided no further explanation
or argument as to how this statement supports his claim that “his past mental
health issue raised the issue of incompetency.”  No issue was raised to the
trial court regarding appellant’s competency at the revocation hearing.  At the
hearing, appellant addressed the court articulately on his own behalf,
requesting that the judge “see all sides of this” and make a judgment based on
appellant’s DWI history instead of the sexual misconduct.  To the extent that
appellant argues that he should have been given a more lenient sentence given
his “mental status,” we find the argument to be without merit.  

            Moreover,
to preserve a complaint of disproportionate sentencing, the criminal defendant
must make a timely, specific objection to the trial court or raise the issue in
a motion for new trial.  Kim v. State, 283 S.W.3d 473, 475 (Tex. App.–Fort
Worth 2009, pet. ref'd) ("To preserve for appellate review a complaint
that a sentence is grossly disproportionate, constituting cruel and unusual
punishment, a defendant must present to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling
desired."); Noland v. State, 264 S.W.3d 144, 151-52, (Tex. App.–Houston
[1st Dist.] 2007, pet. ref'd); Quintana v. State, 777 S.W.2d 474, 479
(Tex. App.–Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and
unusual punishment argument by failing to object).  Here, appellant did not
object to his punishment at the hearing.  Although his counsel later filed a
“Motion for Reconsideration or Reduction of Sentence” in each case, the motion
asserts only that the sentences create “a hardship and burden”; it does not assert
that the sentences are unconstitutionally disproportionate.  We hold that
appellant failed to preserve the issue for review.  See Tex. R. App. P. 33.1; Quintana,
777 S.W.2d at 479.  We overrule appellant’s second issue. 

 

IV. 
Conclusion

            We affirm the trial
court’s judgments in cause numbers 13-10-292-CR, 13-10-293-CR, and
13-10-294-CR.

 

________________________

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

17th
day of March, 2011.









[1]
In appellate cause number 13-10-292-CR, appellant pleaded guilty to an offense
committed on January 2, 2009.  In appellate cause number 13-10-293-CR, he pleaded
guilty to an offense committed on March 13, 2009; in appellate cause number
13-10-294-CR, he pleaded guilty to an offense committed on March 31, 2009. 

 





[2]
In appellate cause number 13-10-292-CR, the trial court also imposed a fine of
$2,500.  See Tex. Penal Code Ann.
§ 12.34(b) (Vernon Supp. 2010).





 

[3]
Although the judgments do not so specify, the trial court ordered the sentences
to run concurrently.





[4]
We note that even if appellant’s counsel had established misconduct by Herschap,
appellant admitted that he exposed himself.  He pleaded “true” to the
allegations, and acknowledged that he “did wrong” and “should have controlled
[himself].”  Herschap testified that she “felt disgusted” when appellant
exposed himself.