

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-406-CR

---

EDWIN WOO JIN KIM                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

### I.  Introduction

In two issues, Appellant Edwin Woo Jin Kim appeals his conviction for burglary of a habitation.  We affirm.

### II.  Factual and Procedural History

This is the oft-told tale of buyer's remorse.  On February 4, 2005, Kim pleaded guilty to the offense of burglary of a habitation.  The trial court deferred adjudicating Kim's guilt and placed him on deferred adjudication community

supervision for six years. On March 17, 2006, the State filed its first motion to proceed to adjudication, alleging that Kim had failed to submit a urine sample as ordered for drug testing, report to his probation officer, and pay court costs and probation fees. A month later, the trial court modified Kim's community supervision and ordered him to participate in a substance abuse felony program.

On August 23, 2007, the State filed a second petition to adjudicate Kim's guilt, alleging that Kim had failed six drug tests, had failed to pay court costs and probation fees, and had failed to attend Alcoholics Anonymous meetings and counseling sessions. Again, the trial court modified Kim's community supervision and gave Kim another opportunity to avoid adjudication and possible incarceration.

Nevertheless, on August 8, 2008, the State filed a third petition to adjudicate Kim's guilt, alleging that Kim again had failed to submit to urine testing for controlled substances, report to his probation officer, and pay court costs, probation fees, and lab fees. The State offered a three-year sentence in exchange for a plea of true. Kim rejected the State's offer and, instead, entered an open plea to the trial court.[1] Kim answered true to all of the State's allegations, and he asked the court to allow him to remain on community

---

[1] Kim testified that he understood that the trial court could assess punishment anywhere within the punishment range of the offense.

2

supervision and to attend Cenikor for drug rehab. The trial judge adjudicated Kim guilty of the burglary offense and sentenced Kim to seven years' confinement.[2] Kim made no objections to the sentence and did not file a motion for new trial. This appeal followed.

### III. Disproportionate Punishment and Abuse of Discretion Issues Forfeited

In two issues, Kim asserts that the trial court abused its discretion by setting punishment at seven years' confinement, more than twice as long as the sentence offered by the State, and also argues that the seven-year sentence is disproportionate punishment.

It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual punishment

---

[2] The punishment range for burglary of a habitation, a second degree felony, is two to twenty years' confinement. *See* Tex. Penal Code Ann. §§ 12.33(a), 30.02(c)(2) (Vernon 2003).

3

under Texas Constitution was waived because defendant presented his argument for first time on appeal); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that when appellant failed to object to his sentence at the punishment hearing or to complain about it in his motion for new trial, he failed to preserve his Eighth Amendment complaint that the punishment assessed was "grossly disproportionate and oppressive"); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant's failure to object to his life sentence of imprisonment as cruel and unusual punishment waived error); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (stating that, as a general rule, appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise such error in the trial court).

Kim's complaint about the alleged disproportionality of his sentence was not raised at the time it was imposed or in a motion for new trial. Therefore, he preserved nothing for our review. *See Noland*, 264 S.W.3d at 151–52; *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (holding that defendant forfeited his Texas constitution-based complaint that his sentence was grossly disproportionate); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet.

ref'd) (mem. op., not designated for publication) (collecting cases). We overrule both of Kim's issues.

Further, even if we were to reach the merits of Kim's complaint, Kim recognizes in his briefing that punishment imposed within the statutory limits, as here, is generally not subject to challenge for excessiveness. *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). Subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

### IV. Conclusion

Having overruled Kim's issues, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DAUPHINOT, J. filed a concurring and dissenting opinion.

PUBLISH

DELIVERED: March 26, 2009



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-406-CR

EDWIN WOO JIN KIM                                                                         APPELLANT

V.

THE STATE OF TEXAS                                                                              STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## CONCURRING AND DISSENTING OPINION

------------

Although I agree with the outcome in this case, I cannot agree with the majority's holding that Appellant forfeited his complaint.

The majority states that a defendant must complain about the alleged disproportionality of his sentence at the time it is imposed or in a motion for new trial; otherwise, the majority contends, the complaint is not preserved.[1]

---

[1] Majority op. at 4.

I do not understand when exactly a defendant is supposed to lodge this complaint and what relief he is supposed to seek below.

The majority relies on six cases in support of its position, none of which addresses my concerns. In *Rhoades v. State*, a Texas Court of Criminal Appeals plurality focuses on Rhoades's complaint about the constitutionality of a statute governing a jury instruction, not a complaint about the constitutionality of his sentence.[2] *Mercado v. State*, another Texas Court of Criminal Appeals opinion, deals not with a cruel and unusual claim but with a complaint that the procedure used by the trial court was vindictive.[3] The Court states, "[Mercado] did not just fail to object but rather *expressly acquiesced* in the procedure used. We believe that he should not now be heard to complain that the procedure was vindictive."[4] Does the majority here contend that Appellant somehow expressly acquiesced in the trial court's sentencing decision? In *Noland v. State* and *Wynn v. State*, our sister court in the First District of Houston holds, as does the majority here, that the defendant forfeited his Eighth Amendment complaint by not objecting after he was

---

[2] *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).

[3] *Mercado v. State,* 718 S.W.2d 291, 296 (Tex. Crim. App. 1986).

[4] *Id.* (emphasis added).

sentenced.[5]  In *Cisneros v. State*, an unpublished case, and *Acosta v. State*, this court also find forfeiture.[6]  Neither the Houston court nor this court explains how a defendant can object after the trial is over, but each claims that defendants should raise the complaint in a motion for new trial.  Neither court explains how a defendant can get a hearing on the motion in order to provide the record necessary for addressing the merits of the complaint.

In a criminal case, pronouncing sentence in open court in the presence of the defendant ends the trial; that act triggers the running of the appellate timetable.[7]  Unlike a civil case, in which there is usually a delay between pronouncing the verdict in open court and signing the judgment, there is no lag time in a criminal case between the pronouncement of sentence and its execution.  Once a defendant begins serving the sentence, it is too late to change it.  Although there has been some suggestion that a judge may

---

[5] *Noland v. State*, 264 S.W.3d 144, 152 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

[6] *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication).

[7] *Pruitt v. State*, 737 S.W.2d 622, 623 (Tex. App.—Fort Worth 1987, pet. ref'd); *see also* Tex. R. App. P. 26.2.

immediately change the sentence,[8] there is no provision in the code of criminal procedure for offering evidence of disproportionality after sentencing, as the admission of additional evidence after pronouncement would effectively create a second punishment phase. And a defendant cannot object in advance that a sentence is disproportionate because until the sentence is pronounced, the defendant does not know that it will be objectionable.

Does the majority contend that a defendant must ask for re-sentencing? How? There is no judgment notwithstanding the verdict (JNOV) in a criminal case.[9] I know of no provision in the rules of appellate procedure or the code of criminal procedure that permits an oral motion for new trial, and it would probably be malpractice to lodge one on the sentencing issue at trial and forego raising other issues later in a traditional motion for new trial.

While a party in a civil case must file a motion for new trial in order to lodge a factual sufficiency issue on appeal of a jury verdict,[10] in criminal cases the motion for new trial is expressly not a prerequisite to raising the complaint

---

[8] *See State v. Aguilera,* 165 S.W.3d 695, 698 (Tex. Crim. App. 2005).

[9] *State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (holding trial court hearing criminal case lacks authority to grant JNOV); *see* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(7) (Vernon 2006).

[10] Tex. R. Civ. P. 324(b)(2), (3).

4

on appeal; rather, it is merely a vehicle to provide an adequate record in support of that claim.[11]

The problem a defendant faces in raising a proportionality claim under the Eighth Amendment is one of providing a sufficient record of disproportionality. Such claim should not be dismissed out of hand for failure to raise it in the trial court anymore than an ineffective assistance of counsel claim should be held forfeited by not raising it at trial or in a motion for new trial. The Eighth Amendment claim is not forfeited; the defendant has not presented an adequate record for the claim to be reviewed on the merits.

By holding that Appellant has forfeited his Eighth Amendment proportionality complaint, the majority creates law that impacts death penalty defendants. Disproportionality is often raised in an application for habeas corpus relief because the record is insufficient on direct appeal.[12] Normally, as the majority points out, a complaint not properly raised in the trial court is forfeited.[13] Forfeiture means the complaint may not be raised by writ of habeas

---

[11] *See* Tex. R. App. P. 21.2.

[12] *See generally Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133 (1980); *Russell v. Collins*, 998 F.2d 1287 (5th Cir. 1993), *cert. denied*, 510 U.S. 1185 (1994).

[13] *See* majority op. at 4.

5

corpus.[14]  The Texas Court of Criminal Appeals has held, however, that this doctrine should not be applied where direct appeal "cannot be expected to provide an adequate record to evaluate the claim in question, and the claim might be substantiated through additional evidence gathering in a habeas corpus proceeding."[15]  That is, a complaint that requires a more complete record than can reasonably be created at trial is not forfeited if rejected on appeal but may still be raised via an application for habeas corpus.  As the Texas Court of Criminal Appeals has explained in the ineffective assistance of counsel context,

> We have expressed two separate rationales that support an exception to the general rule of procedural default in the ineffective assistance of counsel context.  First, we have noted the many practical difficulties with requiring an appellant to claim ineffective assistance at the time of trial or immediately post-trial.  For example, in *Randle*, we rejected the Court of Appeals' suggestion that the appellant's ineffective assistance claim had been waived by a failure to object with sufficient specificity to preserve the complaint.  We held that the claim had been adequately preserved by means of a pre-trial Motion for Protective Order and post-trial Motion for New Trial.  We then continued:
>
> > Even if appellant and defense counsel had chosen to do nothing before or at the time of trial to bring to the trial court's attention the particulars (that underlay appellant's Sixth Amendment claim), there is no reason

---

[14] *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("Generally, a claim which was previously raised and rejected on direct appeal is not cognizable on habeas corpus.").

[15] *Id.*

6

for appellant to have been required to specifically claim ineffective assistance of counsel at the time of trial. We do not require any defendant to risk alienating his trial lawyer by requiring the defendant to claim ineffective assistance of counsel at the time of trial. Further, because many errors by defense counsel are of a technical nature, the defendant may not even know errors by their trial lawyer are occurring, and cannot possibly object. Many times it is in the review of the record by the appellate attorney that errors of an ineffective assistance of counsel nature are discovered. The timely filed appeal to the court of appeals by appellant is a proper procedure for seeking relief.

Thus, a defendant could not, by inaction at trial, waive the right to make an ineffective assistance of counsel claim on appeal.

The second reason we have given for not enforcing a procedural bar in this context is because there is not generally a realistic opportunity to adequately develop the record for appeal in post-trial motions. In this regard, we have noted that a post-conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate such a Sixth Amendment challenge:

While expansion of the record may be accomplished in a motion for new trial, that vehicle is often inadequate because of time constraints and because the trial record has generally not been transcribed at this point. Further, mounting an ineffective assistance attack in a motion for new trial is inherently unlikely if the trial counsel remains counsel during the time required to file such a motion. Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims.

7

Indeed, we have increasingly noted that, in most cases, the pursuit of such a claim on direct appeal may be fruitless.[16]

Just as a defendant can rarely sustain a complaint of ineffective assistance of counsel or jury misconduct on direct appeal, a defendant can rarely sustain a complaint of disproportionality on direct appeal. A defendant cannot complain about a disproportionate sentence before it is pronounced. Disproportionality requires a showing beyond a defendant's not liking the sentence. It requires evidence of disproportionality. Even a mere objection is problematic because the trial is over when the sentence is pronounced, so an objection could be lodged only after the trial has ended. What would that proceeding be called? I believe that disproportionality complaints, like those of ineffective assistance, may be raised in habeas corpus proceedings despite their rejection in appellate proceedings and that they are therefore not forfeited.

I would, therefore, omit the forfeiture language and hold, as did the majority implicitly in the final paragraph of its analysis of Appellant's disproportionality complaint, that the record is inadequate to show why Appellant's sentence, well within the range of punishment established by the legislature, is grossly disproportionate and violative of the Eighth Amendment prohibition.

---

[16] *Robinson v. State*, 16 S.W.3d 808, 809–11 (Tex. Crim. App. 2000) (citations omitted).

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: March 26, 2009