NO. 07-10-00015-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
23, 2010

 



 

MANUEL IVAN MENDOZA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE CRIMINAL DISTRICT COURT NO.
2 OF TARRANT COUNTY;

 

NO. 1110542D; HONORABLE WAYNE F. SALVANT, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Manuel Ivan Mendoza,
entered an open plea of guilty[1]
to the offense of aggravated robbery, a first-degree felony.[2]  After accepting the plea of guilty, the trial
court ordered the preparation of a presentence investigation report (PSI).  Following the preparation of the PSI, the
trial court sentenced appellant to confinement in the Institutional Division of
the Texas Department of Criminal Justice (ID-TDCJ) for a term of 20 years.  Appellant appeals contending that the
sentence assessed was disproportionate for the acts committed by
appellant.  We affirm.

Factual and Procedural Background

            On
June 24, 2008, appellant was indicted for the offense of aggravated
robbery.  The indictment alleges that
appellant, while committing theft of property, placed the victim in fear of
imminent bodily injury or death, and appellant did use or exhibit a deadly
weapon, a firearm.  Subsequently, on
August 10, 2009, appellant entered a plea of guilty to aggravated robbery.  The record reflects that the trial court
admonished appellant that the punishment range for this offense was from life
or any term of not more than 99 years or less than 5 years in the ID-TDCJ.  Appellant signed the admonishment form,
acknowledging that he understood the range of punishment.  

            After
entry of the plea of guilty, the trial court ordered the preparation of a
PSI.  On November 23, 2009, the trial
court conducted a hearing on punishment. 
The PSI was offered in evidence without objection.  Appellant testified about reasons the trial
court should show leniency.  After both
sides had rested and closed the evidence regarding punishment, the trial court
sentenced appellant to confinement in the ID-TDCJ for 20 years.  Appellant subsequently gave notice of appeal,
and this appeal followed. 

            Through
one issue, appellant contends that the trial court’s sentence is
disproportionate for the acts committed by appellant.  Finding that this issue was not preserved for
appeal, we affirm. 

 

Analysis

            As
the State correctly points out, preservation of a complaint for appeal requires
that the appealing party make a complaint to the trial court by a timely
request, objection, or motion stating the grounds for the desired ruling if
those grounds are not apparent from the context of the request, objection, or
motion.  See Tex. R. App. P. 33.1(a)(1)(A).  The reason
for this rule is to give the trial court notice of what ruling, procedure, or
statement the trial court has engaged in that is contrary to our laws and
procedure and the opportunity to correct the mistake.  See Kim v. State,
283 S.W.3d 473, 475 (Tex.App.—Fort Worth 2009, pet. ref’d).  This
requirement to preserve the issue for appellate review applies equally to a
complaint that the sentence is grossly disproportionate.  See id.; see also
Ford v. State, Nos. 07-07-00223-CR, 07-07-00225-CR, 07-07-00226-CR, 2008
Tex. App. LEXIS 4614, at *7 (Tex.App.—Amarillo June
24, 2008, no pet.) (mem. op.,
not designated for publication).  

            The
record before this Court demonstrates that, when the sentence was pronounced by
the trial court, appellant did not object. 
Further, the record contains no motion for new trial alleging that the sentence
was disproportionate.  Under these facts,
we can only conclude that appellant has failed to preserve this issue for
appeal.  Therefore, there is nothing for
this Court to address, and appellant’s issue is overruled.

 

 

 

Conclusion

            Having
overruled appellant’s single issue, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  

 

            








 











[1]
An open plea is a plea of guilty without a plea
bargain.

 





[2]
See
Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).