NO. 07-10-00015-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 23, 2010

_____

MANUEL IVAN MENDOZA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY;

NO. 1110542D; HONORABLE WAYNE F. SALVANT, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Manuel Ivan Mendoza, entered an open plea of guilty[1] to the offense of aggravated robbery, a first-degree felony.[2] After accepting the plea of guilty, the trial court ordered the preparation of a presentence investigation report (PSI). Following the preparation of the PSI, the trial court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for a term

_____

[1] An open plea is a plea of guilty without a plea bargain.

[2] See TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2003).

of 20 years. Appellant appeals contending that the sentence assessed was disproportionate for the acts committed by appellant. We affirm.

Factual and Procedural Background

On June 24, 2008, appellant was indicted for the offense of aggravated robbery. The indictment alleges that appellant, while committing theft of property, placed the victim in fear of imminent bodily injury or death, and appellant did use or exhibit a deadly weapon, a firearm. Subsequently, on August 10, 2009, appellant entered a plea of guilty to aggravated robbery. The record reflects that the trial court admonished appellant that the punishment range for this offense was from life or any term of not more than 99 years or less than 5 years in the ID-TDCJ. Appellant signed the admonishment form, acknowledging that he understood the range of punishment.

After entry of the plea of guilty, the trial court ordered the preparation of a PSI. On November 23, 2009, the trial court conducted a hearing on punishment. The PSI was offered in evidence without objection. Appellant testified about reasons the trial court should show leniency. After both sides had rested and closed the evidence regarding punishment, the trial court sentenced appellant to confinement in the ID-TDCJ for 20 years. Appellant subsequently gave notice of appeal, and this appeal followed.

Through one issue, appellant contends that the trial court's sentence is disproportionate for the acts committed by appellant. Finding that this issue was not preserved for appeal, we affirm.

Analysis

As the State correctly points out, preservation of a complaint for appeal requires that the appealing party make a complaint to the trial court by a timely request, objection, or motion stating the grounds for the desired ruling if those grounds are not apparent from the context of the request, objection, or motion. See TEX. R. APP. P. 33.1(a)(1)(A). The reason for this rule is to give the trial court notice of what ruling, procedure, or statement the trial court has engaged in that is contrary to our laws and procedure and the opportunity to correct the mistake. See Kim v. State, 283 S.W.3d 473, 475 (Tex.App.—Fort Worth 2009, pet. ref'd). This requirement to preserve the issue for appellate review applies equally to a complaint that the sentence is grossly disproportionate. See id.; see also Ford v. State, Nos. 07-07-00223-CR, 07-07-00225-CR, 07-07-00226-CR, 2008 Tex. App. LEXIS 4614, at *7 (Tex.App.—Amarillo June 24, 2008, no pet.) (mem. op., not designated for publication).

The record before this Court demonstrates that, when the sentence was pronounced by the trial court, appellant did not object. Further, the record contains no motion for new trial alleging that the sentence was disproportionate. Under these facts, we can only conclude that appellant has failed to preserve this issue for appeal. Therefore, there is nothing for this Court to address, and appellant's issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.


                                        Mackey K. Hancock
                                            Justice

Do not publish.