Affirmed and Opinion filed March 8, 2011.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00347-CR



 

Trenard Silva Battle, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1233157



 

OPINION

 

Appellant Trenard Silva Battle appeals after a jury
convicted him of capital murder.  See Tex. Penal Code Ann. § 19.03
(Vernon 2003).  The trial court assessed an automatic punishment of life imprisonment
without parole.  See id. § 12.31 (Vernon Supp. 2009).  We
affirm.  

BACKGROUND

Appellant has not challenged the sufficiency of the
evidence supporting his conviction; therefore, we recite only those facts
necessary to the disposition of this appeal.  

On the evening of August 2, 2008, Carl Bray and his
fiancée, Jamie Calvery, were in bed at Bray’s home when they heard someone kick
in the front door.  Bray jumped out of bed and told Calvery to get down; she
hid between the side of the bed and the wall.  She heard Bray yell, “Hey!” and
then what sounded like someone being beaten.  She heard two gunshots, then
someone said, “Find the cash,” and another individual said, “Find the keys to
the car.”  Calvery called the police when the individuals left and remained
hidden.  Police found Bray’s body on the floor of his home with a shotgun wound
to the back of his head and evidence of blunt force trauma to his head and body. 
Bray had blood on the pads of his feet, which indicated to police that he may
have “walked around in an area where there was already blood on the floor”
before he died.

Witnesses testified that on the day of the murder,
appellant and three other individuals had discussed robbing Bray.  Witnesses
testified that appellant retrieved a shotgun and stated, “We going to be all
right.  We do this for a living.”  Witnesses saw the same individuals running away
from the direction of Bray’s home not long before police arrived at the scene
that night; some individuals were carrying jewelry, and appellant was carrying
the shotgun.  The group climbed into a car and drove away.  

Appellant’s fellow inmate testified that appellant stated
in jail that he “shot the bitch with a gauge” during a robbery.  The inmate testified
that he understood appellant to mean he had used a shotgun, which appellant stated
he had hidden in a relative’s attic.  

Police found a do-rag with cut-outs for eyes lying on
the ground outside Bray’s home.  Forensic DNA analyst Mary Thompson testified
that appellant could not be excluded as a possible contributor of DNA material
found on the do-rag.  Bray could not be excluded as a contributor for
additional DNA material found on the do-rag that tested positive for blood.  

Appellant was indicted for the offense of capital murder. 
He was 19 years old and an adult at the time of the offense.  The indictment
alleged that he caused the complainant’s death in the course of committing a
robbery.  The jury was instructed on the State’s theory of co-conspirator
liability, based on evidence that appellant conspired with others to commit
robbery, and that appellant or one of his co-conspirators committed the murder
in the course of the robbery: “If, in the attempt to carry out a conspiracy to
commit one felony, another felony is committed by one of the conspirators, all
conspirators are guilty of the felony actually committed, though having no
intent to commit it, if the offense was committed in furtherance of the
unlawful purpose and was one that should have been anticipated as a result of
the carrying out of the conspiracy.”  See Tex. Pen. Code Ann. § 7.02(b)
(Vernon 2003).  A jury rendered a verdict of guilty “as charged in the
indictment.”  The state did not seek the death penalty, and appellant was
automatically sentenced to life imprisonment without parole.  See Tex.
Pen. Code Ann. § 12.31.   

In his sole issue on appeal, appellant argues that
his sentence of life imprisonment without parole is unconstitutionally
excessive under the Eighth Amendment of the United States Constitution.

ANALYSIS

The Eight Amendment prohibits cruel and unusual
punishment, which includes “extreme sentences that are grossly disproportionate
to the crime.”  See Graham v. Florida, 130 S. Ct. 2011, 2021 (2010)
(quotation omitted).  Appellant was required to make a timely objection to the
trial court to preserve his complaint that his life sentence without parole is
unconstitutionally excessive.  See Tex. R. App. P. 33.1(a) (regarding
timely objection, request, or motion to preserve error); see also Kim v.
State, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d)
(appellant waived argument that seven-year sentence for burglary of a
habitation was cruel and unusual punishment because appellant failed to raise
issue to trial court); Benson v. State, 224 S.W.3d 485, 498 (Tex.
App.—Houston [1st Dist.] 2007, no pet.) (appellant waived argument that 12-year
sentence for aggravated assault with a deadly weapon was cruel and unusual
punishment because appellant failed to raise issue to trial court); Labra v.
State, No. 14-07-00514-CR, 2008 WL 2261456, at *1 (Tex. App.—Houston [14th
Dist.] May 27, 2008, no pet.) (mem. op., not designated for publication)
(appellant waived argument that 40-year sentence for felony delivery of a
controlled substance was cruel and unusual punishment because appellant failed
to raise issue to trial court).  

Appellant did not raise the issue of gross
disproportionality at his trial or in a motion for new trial.  Appellant
made the following objection to the trial court regarding the jury charge:

COUNSEL:  I’m going to object
to the charge of the Court insofar as it applies the law of conspiracy . . . as
charged, the charge will allow the jury to convict [appellant of capital
murder] if he’s entered into a conspiracy to commit the offense of robbery and
a murder occurs . . . as opposed to the felony committed murder.  And we would
object to that.  That is placing him in prison for the rest of his natural life
without some due process safeguards as to allow him to be incarcerated without
having intent to kill for the remainder of his life violates the due process
clause of the Constitution of the United States and is, in effect, cruel and
unusual punishment under the Eighth Amendment.

THE COURT:  Your objection’s overruled.

We understand appellant’s
objection to be a complaint about the jury’s ability to convict appellant for
capital murder without finding that he intended to commit murder; the instruction
allowed the jury to convict appellant of capital murder according to a theory
of co-conspirator liability.  See Tex. Pen. Code Ann. § 7.02(b).  Appellant
does not appeal the trial court’s ruling on that issue.

The record does not contain any other objection in
the trial court in which appellant argues that his punishment of life
imprisonment without parole is unconstitutional because it is “grossly
disproportionate” under the Eighth Amendment.  Accordingly, appellant did not
preserve the right to raise this issue on appeal.  See Tex. R. App. P.
33.1(a); see also Kim, 283 S.W.3d at 475; Benson, 224 S.W.3d at
498; Labra, 2008 WL 2261456, at *1.

Even if appellant’s objection is broadly construed as
a complaint that a sentence of life imprisonment without parole is grossly
disproportionate to the offense of capital murder where the defendant could be
convicted based on co-conspirator liability, this contention fails.  See Cienfuegos
v. State, 113 S.W.3d 481, 494–96 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d) (automatic life sentence for capital murder conviction based on theory
of co-conspirator liability not grossly disproportionate); see also Ladd v.
State, 3 S.W.3d 547, 573 (Tex. Crim. App. 1999) (death penalty is not grossly
disproportionate punishment for defendants convicted of capital murder based on
theory of co-conspirator liability because “[a]nticipating that a
human life will be taken is a highly culpable mental state, and we hold
that, according to contemporary social standards, the death penalty is not
disproportionate for defendants with such a mental state.”) (emphasis in
original).

The defendant in Cienfuegos was convicted of capital
murder based on co-conspirator liability.  See Cienfuegos, 113 S.W.3d at
485.  The First Court of Appeals held that the Texas Penal Code provisions for capital
murder, automatic life sentencing, and co-conspirator liability operate
together and reflect “a societal decision that, when a person engages in a
conspiracy to commit a felony and a murder is committed by one of the
co-conspirators, he should, where the State does not seek the death penalty, be
subjected to the serious penalty of incarceration for life.”  Id. at
495.  Noting that a life sentence is constitutional under the Eighth Amendment
for defendants convicted of capital murder as primary actors, the court also
concluded that such a sentence is constitutional under the Eighth Amendment for
individuals convicted based on co-conspirator liability.  Id. at 496.

This court has adopted the same rationale.  See Bergara
v. State, No. 14-07-00938-CR, 2009 WL 2476513, at *6, *9 (Tex. App.—Houston
[14th Dist.] Aug. 13, 2009, pet. ref’d) (mem. op., not designated for
publication) (upholding automatic life sentence for capital murder conviction
based on co-conspirator liability without addressing whether defendant would or
would not be eligible for parole); see also Thomas v. State, No.
14-06-00066-CR, 2007 WL 2238890, at *5 (Tex. App.—Houston 14th Dist.] Aug. 7,
2007, pet ref’d) (mem. op., not designated for publication) (citing  Cienfuegos,
113 S.W.3d at 495–96, in upholding automatic life sentence with possibility of
parole for capital murder conviction based on primary liability).  

We apply the same rationale here and conclude that a
life sentence without the possibility of parole for a capital murder conviction
based on co-conspirator liability does not violate the Eighth Amendment.  See
Cienfuegos, 113 S.W.3d at 495–96; cf. Ladd, 3 S.W.3d at 573. 

CONCLUSION

Having overruled appellant’s only issue on appeal, we
affirm the judgment of the trial court.








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.

Publish
— Tex. R. App. P. 47.2(b).