02-10-276-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00276-CR

 

 


 
 
 Agustin Garcia
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction
and Background

          Appellant
Agustin Garcia was indicted for attempted capital murder and later entered an
open plea of guilty to a lesser-included charge of aggravated assault of a
public servant with a deadly weapon.  The trial court conducted an evidentiary
hearing, found Appellant guilty of aggravated assault of a public servant with
a deadly weapon, and sentenced Appellant to twenty-nine years’ confinement.  In
his sole issue on appeal, Appellant contends that the trial court abused its
discretion and assessed cruel and unusual punishment by sentencing him to
twenty-nine years’ confinement.

II. 
Discussion

          Appellant
contends that his twenty-nine year sentence violates the Eighth Amendment of
the United States Constitution and article I, section 13 of the Texas
constitution.  However, Appellant did not object to his sentence at the time it
was imposed nor complain about it in a motion for new trial.  As we held in Kim
v. State,

          It
is axiomatic that errors that are asserted on the part of the trial court must
generally be brought to the trial court’s attention in order to afford the
trial court an opportunity to correct the error, if any.  To preserve for
appellate review a complaint that a sentence is grossly disproportionate,
constituting cruel and unusual punishment, a defendant must present to the
trial court a timely request, objection, or motion stating the specific grounds
for the ruling desired. . . .

 

[Appellant’s]
complaint about the alleged disproportionality of his sentence was not raised
at the time it was imposed or in a motion for new trial. Therefore, he
preserved nothing for our review.

 

283
S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d) (internal citations
omitted); see also Noland v. State, 264 S.W.3d 144, 151–52 (Tex.
App.—Houston [1st Dist.] 2007, pet. ref’d) (holding defendant failed to
preserve his Eighth Amendment complaint of grossly disproportionate sentence); Acosta
v. State, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (holding
defendant failed to preserve his Texas constitutional complaint of grossly
disproportionate sentence).  Just as in Kim, Appellant did not object to
his twenty-nine year sentence at the time it was imposed or complain about it
in a motion for new trial.  See Kim, 283 S.W.3d at 475.  Appellant
therefore preserved nothing for our review.  See id.

          Further,
even if we were to reach the merits of Appellant’s complaint, his twenty-nine year
sentence is well within the statutory range of five to ninety-nine years for first-degree
felonies.  See Tex. Penal Code Ann. § 12.32(a) (Vernon Supp. 2010). 
And punishment imposed within the statutory range is generally not subject to
challenge for excessiveness.  See Kim, 283 S.W.3d at 475–76 (stating
punishment assessed was not excessive when based on sentencer’s informed
normative judgment and fell within the legislatively prescribed range); Dale
v. State, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.)
(“Generally, punishment assessed within the statutory limits is not excessive,
cruel, or unusual punishment.”).  Moreover, the record reflects that Appellant
intentionally and knowingly pointed a loaded firearm at a uniformed police
officer, that Appellant told the officer that he would kill him, that the
officer would not be alive had he not reacted quickly by firing at Appellant,
and that Appellant has an extensive criminal history.  Appellant could have
been sentenced to as many as ninety-nine years’ confinement but instead received
a twenty-nine year sentence.  See Tex. Penal Code Ann. § 12.32(a). 
We overrule Appellant’s sole issue.

III. 
Conclusion

          Having
overruled Appellant’s sole issue, we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 5, 2011









[1]See Tex. R. App. P. 47.4.