

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00256-CR

JESSICA L. WARD                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                       STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jessica L. Ward pleaded guilty to fraudulent use or possession of identifying information under five items or less.  The trial court found her guilty and, after receiving a presentence investigation report and conducting a punishment hearing, sentenced her to twelve months' confinement in a state jail facility.  In her sole point, Ward argues that the trial court abused its discretion by

---

[1]See Tex. R. App. P. 47.4.

sentencing her to twelve months' confinement. Ward concedes that twelve months' confinement is within the authorized statutory range of punishment and acknowledges that she did not object to the sentence in the trial court. The trial court's discretion to impose any punishment within the prescribed range is essentially "unfettered"; it is subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (recognizing that a punishment that falls within the legislatively-prescribed range, and that is based upon the sentencer's informed normative judgment, is basically unassailable on appeal). And Ward did not object to the twelve-year sentence either on an abuse-of-discretion basis or a gross-disproportionality basis. Because Ward did not object to the sentence in the trial court, she forfeited her complaint on appeal. *See* Tex. R. App. P. 33.1(a); *see also, e.g.*, *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual punishment under Texas constitution was waived because defendant presented his argument for first time on appeal); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (same). We overrule Ward's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, J.; LIVINGSTON, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 5, 2012