COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| KENYONE LAMONT JOHNSON A/K/A KENYONE L. JOHNSON, | § | No. 08-11-00124-CR |
| Appellant, | § | Appeal from |
| | § | 213th District Court |
| v. | § | of Tarrant County, Texas |
| THE STATE OF TEXAS, | § | (TC # 1197728D) |
| Appellee. | § | |

**O P I N I O N**

Kenyone Lamont Johnson a/k/a Kenyone L. Johnson appeals his conviction of possession of at least four grams but less than 400 grams of methylenedioxy methamphetamine (commonly known as Ecstasy), enhanced by a prior felony conviction.[1] Appellant waived his right to a jury trial and entered an open plea of guilty and a plea of true to the enhancement paragraph. The trial court found Appellant guilty, found the enhancement paragraph true, and assessed Appellant's punishment at imprisonment for a term of fifteen years. We affirm.

**PUNISHMENT**

In his sole point of error, Appellant contends that the trial court abused its discretion by sentencing him to serve a prison term of fifteen years. Appellant concedes that his sentence is within the applicable range of punishment but he argues that the trial court failed to consider Appellant's acceptance of responsibility in addition to his behavior while on bond, his work history, and his family responsibilities. The State responds that Appellant failed to preserve the

---

[1] This appeal was transferred from the Second Court of Appeals pursuant to a docket equalization order entered by the Texas Supreme Court. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2005). We have applied precedent of the Fort Worth Court of Appeals. *See* TEX.R.APP.P. 41.3.

issue because he did not object at the time of sentencing or in a post-trial motion.

To preserve a complaint for appellate review, the record must show Appellant made a timely and specific request, objection, or motion. *See* TEX.R.APP.P. 33.1(a)(1). As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986). Even constitutional rights, such as the right to be free from cruel and unusual punishment, may be waived. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Curry v. State*, 910 S.W.2d 490, 498 (Tex.Crim.App. 1995). Thus, a criminal defendant must preserve a complaint that the trial court abused its discretion with regard to the punishment assessed or that his sentence is grossly disproportionate by presenting to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Kim v. State,* 283 S.W.3d 473, 475 (Tex.App.-- Fort Worth 2009, pet. ref'd). Appellant did not object when the trial court sentenced him and he did not file a motion for new trial raising the sentencing issue. Consequently, he failed to preserve the issue for review. *See Kim*, 283 S.W.3d at 475. We overrule Point of Error One and affirm the judgment of the trial court.

November 14, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)