

**NUMBER 13-13-00040-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**RUBEN LONGORIA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 105th District Court
of Kleberg County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Chief Justice Valdez**

Appellant, Ruben Longoria, pursuant to a plea bargain agreement with the State, pleaded guilty to the offense of aggravated assault causing serious bodily injury, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(1), (b) (West 2011). The trial court deferred adjudication and placed appellant on community supervision for a period of seven years. Subsequently, the State filed a motion to revoke, alleging that

appellant had violated several terms of community supervision.  The trial court found that appellant had violated the terms of community supervision, revoked appellant's community supervision, found him guilty of the offense of aggravated assault causing serious bodily injury, and sentenced him to twenty years' incarceration.  By one issue, appellant contends that the sentence imposed is disproportionate to the seriousness of the alleged offense in violation of the Eighth and Fourteenth Amendments.  *See* U.S. CONST. amend. VIII, XIV.  We affirm the judgment.

## I.     CONSTITUTIONALITY OF THE SENTENCES

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted."  *Id.*  Through the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment applies to punishments imposed by state courts. *Id.* amend. XIV.  This right and every constitutional or statutory right can be waived by a "failure to object."  *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial.  *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* TEX. R. APP. P. 33.1.  Here, appellant did not object when the trial court imposed the

complained-of sentence or complain of the sentence in any post-trial motion. Moreover, appellant's sentence is within the punishment range of a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.33(a) (West Supp. 2011) (establishing that a second-degree felony has a punishment range of two to twenty years' confinement). A punishment falling within the limits prescribed by a valid statute, as in this case, is not per se excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928. Therefore, because appellant failed to object to the sentence and the sentence is within the punishment range, we overrule appellant's sole issue. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

## II. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2013.