

NUMBER 13-13-00077-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JOSHUA LESLIE MORALES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

On appeal from the 54th District Court
of McLennan County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

By one issue, appellant Joshua Morales challenges his sentence for driving while

intoxicated, enhanced to a third-degree felony by two prior convictions for the same

offense. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2011). We affirm.[1]

## I. BACKGROUND[2]

Appellant pleaded guilty to felony driving while intoxicated pursuant to a plea bargain. *See id.* The terms of the plea bargain called for the court to impose a sentence of seven years' imprisonment and a $1,500 fine, probated to the same term of community supervision. The State filed a motion to revoke alleging three violations of the terms of appellant's supervision. Appellant pleaded "true" to the first ground (that he had consumed alcohol), and pleaded "not true" to the other two grounds. The trial court revoked appellant's probation and imposed the original sentence. This appeal followed.

## II. ANALYSIS

By one issue appellant argues that his sentence of seven years' imprisonment constitutes cruel and unusual punishment under the U.S. Constitution. *See* U.S. CONST. Amend. VIII. Appellant argues that although his sentence falls within the statutorily prescribed range of punishment, his sentence is nevertheless "grossly disproportionate to the offense committed" because the sentence "is closer to the maximum end" of the sentencing range and "there was nothing in the record to indicate that the underlying offense was severe in nature."

"Even constitutional claims can be waived by failure to object." *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd). In order to preserve

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite the facts and law except as necessary to apprise the parties of the Court's decision and the reasons for it. TEX. R. APP. P. 47.1, 47.4.

all but the most fundamental errors for our review, a party "must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling." *Id.*; TEX. R. APP. P. 33.1(a). The Texas Court of Criminal Appeals, as well as this Court, have held that this requirement applies to a claim that appellant's sentence is so disproportionate to the crime that it becomes cruel and unusual punishment. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Trevino*, 174 S.W.3d at 927; *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). In this case, appellant did not make an objection to the trial court. Accordingly, we hold that appellant failed to preserve this issue.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2013.

3