

NUMBER 13-13-00432-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LOUIS ROGERS,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

On appeal from the 24th District Court
of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant Louis Rogers appeals a judgment revoking his probation

and sentencing him to seven years' imprisonment for delivery of a controlled substance,

a third-degree felony.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112, 481.134 (West,

Westlaw through 2013 3d C.S.).  Appellant argues the trial court's decision to revoke his

probation constitutes cruel and unusual punishment because his probation officer had no training in mental health issues or disabilities. We affirm the trial court's judgment.

## I. BACKGROUND

Appellant initially pleaded guilty to delivery of a controlled substance in 2003. *See id.* The trial court assessed punishment at seven years in prison, suspended the sentence, and placed appellant on probation for seven years. Appellant's probation would have ended on January 30, 2010, but the court extended the probation three years after appellant violated the terms of his probation. On January 29, 2013, one day before the scheduled termination date of appellant's probation, the State filed a timely motion to revoke, alleging that appellant again violated the terms and conditions of his probation. The State alleged that appellant stalked a woman he formerly had a relationship with by constantly texting and calling her, leading her to believe appellant placed her in danger.[1] At the hearing, appellant pleaded true to every allegation in the State's motion to revoke probation.[2] The trial court revoked appellant's probation and sentenced him to six years' imprisonment in the Texas Department of Criminal Justice—Institutional Division along with court costs. Appellant did not make any objection or file any motion for new trial.

---

[1] The woman appellant allegedly harassed testified, "[h]e would come on the street and stuff and passby [sic] hollering out, you know, he would just holler out stuff I could kill you; I love you; call me if you love me—different things like that." The prosecutor described the situation in his closing statement, "[the appellant] pled true [to allegations] and he's not a lovesick teenager. He's 53 years old and I can see that at his age and his conduct would have certainly been the type which would have threatened and alarmed this woman and I can understand why she wanted these charges filed and pursued in this case and I'd ask you to revoke his probation."

[2] The violation report stated that appellant: was arrested for public intoxication and for stalking; failed to pay monthly probation fees; and failed to reimburse Calhoun County for court-appointed attorney's fees.

## II. Discussion

By his one issue, appellant contends that the revocation of his probation constituted cruel and unusual punishment because his probation officer had no training in mental health issues or disabilities and therefore did not recognize the need to tell appellant not to stalk a woman.

"It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention." *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing TEX. R. APP. P. 33.1). Furthermore, in order to preserve a complaint, the appellant must either make a timely and specific objection during trial or post-trial motion. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); *Sample v. State*, 405 S.W.3d 295, 303–04 (Tex. App.—Fort Worth 2013, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). This Court has determined in the past that an appellant waives most constitutional claims, even a claim of cruel and unusual punishment, by failing to object to it at trial, sentencing, or in a post-trial motion. *Trevino*, 174 S.W.3d at 927 (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)).

Here, by failing to object to his sentence, we conclude that appellant has waived this issue for our review. TEX. R. APP. P. 33.1; *see Trevino*, 174 S.W.3d at 927; *see also Arevalo v. State*, No. 13–13–00485–CR, 2014 WL 223230, at *1 (Tex. App.—Corpus Christi Jan. 16, 2014, pet. dism'd) (mem. op., not designated for publication) (citing Tex. R. App. P. 33.1.) (A case involving a similar procedural posture where this Court held that

3

appellant waived his claims by not objecting during trial or post-trial).  We overrule

appellant's sole issue.[3]

### III. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2014.

---

[3] Even if appellant had preserved his objection, we note that he provides no case law specifically applicable to the facts of this case.  *See* TEX. R. APP. P. 38.1.