

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00094-CR

---

LEONARD JAMES HALL                                              APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1352061D

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a judgment revoking deferred adjudication community supervision and adjudicating guilt. In 2013, Appellant Leonard James Hall pleaded guilty, pursuant to a plea agreement, to aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). Following this plea, the trial court placed Hall on seven years' deferred

---

[1]*See* Tex. R. App. P. 47.4.

adjudication community supervision and imposed a $700 fine. In 2015, the State filed a petition to proceed to adjudication, alleging in five paragraphs multiple violations by Hall of the conditions of his deferred adjudication community supervision. Hall pleaded not true to all five alleged violations. The trial court found that Hall had committed the violations alleged in paragraphs 1, 2, 3, and 5; revoked Hall's deferred adjudication community supervision; adjudicated his guilt of the offense of aggravated assault with a deadly weapon; and sentenced him to seven years' confinement. In a single issue, Hall argues that the seven-year sentence imposed by the trial court is excessive and disproportionate. We will affirm.

Hall concedes that he did not object to his punishment when it was imposed, nor did he raise this complaint in a motion for new trial. We have held on numerous occasions that this type of claim must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Hall did

not raise his complaint in the trial court, the complaint is forfeited.[2]  We overrule

Hall's sole issue.

Having overruled Hall's sole issue, we affirm the trial court's judgment.


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2015

---

[2]Even if we were to reach the merits of Hall's complaint, his punishment is within the statutory limits for the offense.  *See* Tex. Penal Code Ann. §§ 12.33(a), 30.02(c)(2) (West 2011).  Punishment that is imposed within the statutory limits and based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "'exceedingly rare'" situations. *Kim*, 283 S.W.3d at 476 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)); *see also Davis v. State*, 323 S.W.3d 190, 195–96 (Tex. App.—Dallas 2008, pet. ref'd) (stating that punishment within statutory range was not excessive, cruel, or unusual when defendant argued that the penitentiary could not provide treatment for his medical condition).