

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00775-CR

Gabriel **BOSQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 20-06-0143-CRA
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:　Adrian A. Spears II, Justice

Sitting:　　Irene Rios, Justice
　　　　　　Adrian A. Spears II, Justice
　　　　　　Velia J. Meza, Justice

Delivered and Filed: July 30, 2025

AFFIRMED

In accordance with a plea-bargain agreement, Gabriel Bosquez pled no contest to aggravated sexual assault of a child and was placed on deferred adjudication community supervision for a period of five years. Less than two years later, he pled "true" to the allegations set out in the State's motion to adjudicate his guilt and revoke his community supervision. After hearing testimony, the trial court found the allegations contained in the State's motion to be true,

revoked his community supervision, adjudicated him guilty, and sentenced him to ninety-six years of imprisonment.

On appeal, Bosquez argues his sentence violated the Eighth Amendment to the Constitution, as applicable to the states under the Fourteenth Amendment, because it was disproportionate to the seriousness of the alleged offense. According to Bosquez, he preserved this issue for appeal in his motion for new trial.[1] In response, the State contends he has waived this issue.

Under the Eighth Amendment, "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290 (1983). To preserve a disproportionate sentencing complaint for appellate review, a defendant must present to the trial court a timely request, objection, or motion *stating the specific grounds* for the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also* TEX. R. APP. P. 33.1. Here, Bosquez did not object to his sentence in the trial court at the time it was imposed. While Bosquez contends he preserved this issue by filing his motion for new trial, his motion for new trial did not raise or cite the Eighth Amendment. It merely stated that his sentence of ninety-six years "deviates dramatically *from the five years deferred adjudication that was initially granted to the Defendant*, and in the interest of justice, the Defendant requests the [trial court] reconsider the sentence of [ninety-six] years." (emphasis added). This argument that his sentence should be

---

[1] The clerk's record reflects that Bosquez's sentence was imposed on July 30, 2024. He timely filed a motion for new trial on August 1, 2024. The motion for new trial was overruled by operation of law on October 14, 2024. *See* TEX. R. APP. P. 21.8 (requiring the trial court to rule on a motion for new trial within seventy-five days after imposing sentence or the motion will be deemed denied). A hearing on the motion for new trial was held on October 28, 2024, which was after the motion for new trial was overruled by operation of law, and the trial court lost jurisdiction. *See Montelongo v. State*, 623 S.W.3d 819, 823 (Tex. Crim. App. 2021) (explaining that "once a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it" and that a "hearing conducted after a motion for new trial has been overruled by operation of law is not authorized"). In its October 28, 2024 order, the trial court recognized it no longer had jurisdiction over the matter. We note that although Bosquez, in his brief, relies on argument made by his trial counsel at this hearing on his motion for new trial, that hearing was held after the trial court lost jurisdiction and was not authorized. *See id.*

reduced because it deviates dramatically *from his deferred adjudication* is not an argument that his sentence was disproportionate *to the crime for which the defendant was convicted and thus violated the Eighth Amendment*. *See Kim*, 283 S.W.3d at 475 (explaining that in order to preserve a disproportionate sentencing complaint for appellate review, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (emphasizing that to preserve an issue for appeal, the objection must "*specifically* state[] the legal basis for the objection" and that a statement in the motion for new trial that "[t]he trial court has the discretion to grant a new trial in the interests of justice" does not preserve a disproportionate-sentencing issue under the Eighth Amendment) (emphasis in original). Therefore, Bosquez has failed to preserve his complaint for appellate review.

We affirm the judgment of the trial court.

Adrian A. Spears II, Justice

DO NOT PUBLISH