

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00261-CR

———————————————

DONALD QUINN, Appellant

V.

THE STATE OF TEXAS

———————————————————————————

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1880151

———————————————————————————

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

The State indicted Appellant Donald Quinn for the third-degree felony offense of failing to comply with sex-offender registration requirements, and the indictment contained a habitual-offender paragraph.[1]  *See* Tex. Code Crim. Proc. art. 62.102(a), (b)(2).  A jury found Quinn guilty.  In the punishment phase, the trial court found true the allegation that Quinn had previously been convicted of two felonies.  This finding raised the punishment range to confinement for life or any term of not more than 99 years or less than 25 years.  *See* Tex. Penal Code § 12.42(d).  The trial court sentenced Quinn to thirty-five years' imprisonment.

Quinn raises one point on appeal—that the sentence assessed was grossly disproportionate to the offense and therefore violative of the Eighth Amendment's prohibition against cruel and unusual punishment.  *See* U.S. Const. amend. VIII.  We have consistently held that a defendant must preserve error on a grossly-disproportionate-sentence complaint by objecting in the trial court at the time the sentence was imposed or, at the latest, raising the issue in a motion for new trial.[2]  *See Butler v. State*, No. 02-23-00007-CR, 2023 WL 5767320, at *1 & n.2 (Tex. App.—Fort Worth Sept. 7, 2023, pet. ref'd) (mem. op., not designated for publication) (collecting

---

[1]The indictment also alleged the offense of indecency with a child, but that count was dismissed upon Quinn's conviction for failing to comply with his sex-offender registration requirements.

[2]Quinn filed a motion for new trial, but it states merely that "[t]he verdict is contrary to the law and evidence" and prays that the trial court set aside his conviction.  No mention is made of his sentence.

cases recognizing preservation requirements).  Because Quinn did neither, he has not preserved his complaint for our review.[3]

Having held that Quinn's sole point of error was not preserved for our review, we overrule that point and affirm the trial court's judgment.[4]

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 7, 2026

---

[3]Even if we could reach the merits of Quinn's argument, a punishment imposed within the statutory limits, as here, is generally not subject to challenge for excessiveness.  *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Morgan v. State*, No. 02-23-00269-CR, 2024 WL 976826, at *2 (Tex. App.—Fort Worth Mar. 7, 2024, pet. ref'd) (mem. op., not designated for publication).

[4]Quinn's counsel has twice previously raised an argument complaining about the gross disproportionality of a client's punishment when the argument had not been preserved at sentencing or in a motion for new trial.  *See Reveron v. State*, Nos. 02-23-00041-CR, 02-23-00042-CR, 2023 WL 8467385, at *1 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op., not designated for publication); *Butler*, 2023 WL 5767320, at *1.  Counsel in this case, as well as in those cited, failed to address preservation.  And counsel here failed to attempt to distinguish *Reveron* and *Butler*. *Reveron*, 2023 WL 8467385, at *2 n.3; *Butler*, 2023 WL 5767320, at *1.  We understand that Quinn might want to contest the length of his sentences and that counsel's duty is to zealously represent Quinn.  *See In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding).  We also recognize that drawing the line between an arguable contention and a frivolous one is not always easy.  *See Alvarado v. State*, No. 02-19-00401-CR, 2021 WL 5132530, at *2 (Tex. App.—Fort Worth Nov. 4, 2021, pet. ref'd) (mem. op., not designated for publication).  Nevertheless, a clearer line is counsel's duty of candor toward the tribunal.  *See* Tex. Disciplinary R. Prof'l Conduct 3.03.