

**NUMBER 13-11-00155-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

OCTAVIO OLIVARES,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                   **Appellee.**

---

**On appeal from the 24th District Court
of Victoria County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Chief Justice Valdez**

Appellant, Octavio Olivares, was convicted of aggravated assault against a family member using a deadly weapon, s*ee* TEX. PENAL CODE ANN. §§ 22.01(a)(1) (assault), 22.02(a)(2) (aggravated assault) (West Supp. 2010), a first-degree felony, *see id.* 22.02(b)(1) (providing that aggravated assault is a first-degree felony if "the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to

a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code").[1] Olivares pleaded "true" to the State's enhancement allegations, and the trial court sentenced him to fifty years' confinement. By one issue, Olivares contends that the punishment imposed was cruel and unusual. We affirm.

## I. BACKGROUND[2]

Roxann Fuentes, Olivares's former girlfriend, testified that on September 20, 2009, she and Olivares were at a party at a friend's home. Fuentes claimed that Olivares became upset and asked her to go to the back of the house. Fuentes stated that Olivares then accused her of "disrespecting" his friend and told her she needed to apologize in front of everyone at the party. Fuentes testified that although she was embarrassed, she attempted to apologize to Olivares's friend. Later, Olivares asked Fuentes to go to the back of the house once again. Fuentes stated the following occurred:

> So, he's at the end of the truck and he runs at me and—He runs at me and says, "You think it's funny? You're laughing at me?" And I tell him, "I'm not laughing." And he said, "You think it's funny, bitch?" And he grabs me and throws me to the ground and he says, "Bitch you want to laugh?" And I don't remember if he kicked me or not. All I remember is that I felt something and I got real quiet. I went like that and I went like this. And I said, "Bitch, you stabbed me." And he said, "Bitch, you want to laugh at me?"

---

[1] Olivares was also found guilty of evading arrest or detention, a state jail felony, *see* TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2010), and assault by threat, a class C misdemeanor, *see id.* § 22.01(a)(2) (West Supp. 2010). The trial court sentenced Olivares to two years' confinement for the evading arrest or detention conviction and assessed a $500 fine for the assault by threat conviction. Olivares does not appeal these convictions and only appeals the aggravated assault conviction.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

According to Fuentes, Olivares "went at [her]" again; however, a friend interrupted the altercation and Olivares put away the knife. Fuentes stated that her friend took her to the hospital for treatment. Fuentes testified that she was stabbed in the face.

After a bench trial, the trial court found Olivares guilty of aggravated assault with a finding that a deadly weapon was used. At the punishment hearing, Olivares pleaded "true" to the State's enhancement allegations. The trial court found Olivares was a repeat felony offender and sentenced him to fifty years' confinement. This appeal followed.

## II.    CRUEL AND UNUSUAL PUNISHMENT

By his sole issue, Olivares contends that the fifty-year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Specifically, Olivares argues that the punishment is disproportionate and therefore oppressive and unfair.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV. This right and every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd)

3

(citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* Tex. R. App. P. 33.1. Here, Olivares did not object to the sentence at the punishment hearing or in any post-trial motion. Therefore, Olivares failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Olivares preserved error, a punishment that falls within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual.[3] *See Trevino*, 174 S.W.3d at 928. We overrule Olivares's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
Tex. R. App. P. 47.2(b)
Delivered and filed the
21st day of December, 2011.

---

[3] Olivares was convicted of a first-degree felony as a repeat felony offender. Thus, under Texas law, the trial court was authorized to access punishment as "imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years." *See* Tex. Penal Code Ann. § 12.42 (West Supp. 2010).

4