

# NUMBER 13-11-00291-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JIMMY D. CALLIS,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Pursuant to a plea bargain agreement with the State, appellant, Jimmy D. Callis, pleaded guilty to the offense of injury to a child, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2010). The trial court deferred adjudication and placed Callis on community supervision for a period of ten years. Subsequently, the

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

State filed a motion to revoke alleging that Callis had violated several terms of community supervision. The trial court found that Callis had violated the terms of community supervision, revoked Callis's community supervision, found him guilty of the offense of injury to a child, and sentenced him to ten years' incarceration. By one issue, Callis contends that the punishment imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See* U.S. CONST. amend. VIII. We affirm.

## II. CRUEL AND UNUSUAL PUNISHMENT

By his sole issue, Callis contends that the ten-year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See id.* Specifically, Callis argues that the sentence is disproportionate to the crime.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *Id.* The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV. This right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* TEX.

2

R. APP. P. 33.1(a). Here, Callis did not object when the trial court imposed the ten-year sentence or complain of the sentence in any post-trial motion. Therefore, Callis has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a); *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151-52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even if Callis had preserved error, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual.[2] *See Trevino*, 174 S.W.3d at 928. We overrule Callis's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
5th day of January, 2012.

---

[2] Callis was convicted of a third-degree felony with a punishment range of two to ten years' confinement. *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2003).