COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 KENYONE LAMONT JOHNSON
 A/K/A KENYONE L. JOHNSON,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00124-CR
  
                          Appeal from
  
 213th District
 Court
  
 of Tarrant County,
 Texas
  
 (TC # 1197728D)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

            Kenyone Lamont Johnson a/k/a Kenyone
L. Johnson appeals his conviction of possession of at least four grams but less
than 400 grams of methylenedioxy methamphetamine (commonly known as Ecstasy),
enhanced by a prior felony conviction.[1]  Appellant waived his right to a jury trial
and entered an open plea of guilty and a plea of true to the enhancement
paragraph.  The trial court found
Appellant guilty, found the enhancement paragraph true, and assessed
Appellant’s punishment at imprisonment for a term of fifteen years.  We affirm.

PUNISHMENT

            In his sole point of error,
Appellant contends that the trial court abused its discretion by sentencing him
to serve a prison term of fifteen years. 
Appellant concedes that his sentence is within the applicable range of punishment
but he argues that the trial court failed to consider Appellant’s acceptance of
responsibility in addition to his behavior while on bond, his work history, and
his family responsibilities.  The State
responds that Appellant failed to preserve the issue because he did not object
at the time of sentencing or in a post-trial motion.  

            To preserve a complaint for
appellate review, the record must show Appellant made a timely and specific request,
objection, or motion.  See Tex.R.App.P.
33.1(a)(1).  As a general rule, an
appellant may not assert error pertaining to his sentence or punishment where
he failed to object or otherwise raise such error in the trial court.  Mercado
v. State, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986).  Even constitutional rights, such as the right
to be free from cruel and unusual punishment, may be waived.  See
Rhoades v. State, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); Curry v. State, 910 S.W.2d 490, 498
(Tex.Crim.App. 1995).  Thus, a criminal
defendant must preserve a complaint that the trial court abused its discretion
with regard to the punishment assessed or that his sentence is grossly
disproportionate by presenting to the trial court a timely request, objection,
or motion stating the specific grounds for the ruling desired.  Kim v.
State, 283 S.W.3d 473, 475 (Tex.App.--
Fort Worth 2009, pet. ref’d).  Appellant
did not object when the trial court sentenced him and he did not file a motion
for new trial raising the sentencing issue. 
Consequently, he failed to preserve the issue for review.  See Kim,
283 S.W.3d at 475.  We overrule Point of
Error One and affirm the judgment of the trial court. 

 

November 14, 2012                            _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish) 

 











[1]  This appeal was transferred from the Second
Court of Appeals pursuant to a docket equalization order entered by the Texas
Supreme Court.  See Tex.Gov’t Code Ann.
§ 73.001 (West 2005).  We have applied
precedent of the Fort Worth Court of Appeals.  See Tex.R.App.P. 41.3.