

NUMBER 13-13-00672-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SAM SENDEJO,                                                              **Appellant,**

**v.**

THE STATE OF TEXAS,                                                      **Appellee.**

## On appeal from the 105th District Court
## of Kleberg County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Sam Sendejo, pleaded guilty to the offense of possession of a controlled substance, group one (cocaine) of one gram but less than four grams with intent to deliver, a second degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West, Westlaw through 2013 3d C.S.). The trial court placed appellant on deferred adjudication

community supervision for five years. The State filed a motion to revoke appellant's community supervision, and appellant pleaded "true" to several of the State's allegations. The trial court revoked appellant's community supervision, found him guilty of the offense, and sentenced him to fifteen years' confinement. By one issue, appellant contends that his sentence is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution. U.S. CONST. amend. VIII, XIV. We affirm.

## I. DISPROPORTIONATE SENTENCE

By his sole issue, appellant contends that the sentence he received is grossly disproportionate to the offense he committed. Specifically, appellant argues that we should not determine whether his sentence "is legal, i.e. within the limits prescribed by the punishment statute for a second degree felony." Appellant asserts that we should instead consider the nature and circumstances of the offense he committed. The State responds that appellant did not object to the sentence.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *Id.* amend. VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV.

It is well-settled that almost every constitutional or statutory rights can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). To preserve a complaint of improper sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–

2

28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* TEX. R. APP. P. 33.1.  A complaint of disproportionate sentencing must also be preserved by a timely objection or in a motion for new trial.  *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479; *see* TEX. R. APP. P. 33.1.

Here, appellant did not object when the trial court imposed the complained-of sentence or complain of the sentence in any post-trial motion.  Thus, he has not preserved his disproportionate sentence complaint for our review.  *See Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479; *see also* TEX. R. APP. P. 33.1.  Moreover, appellant's sentence is within the punishment range of the charged offense, and a punishment falling within the limits prescribed by a valid statute is not excessive, cruel, or unusual.  *See Trevino*, 174 S.W.3d at 928.  Therefore, because appellant failed to object to the sentence and the sentence is within the punishment range, we overrule appellant's sole issue.  *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

## II.    CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
Rogelio Valdez
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of August, 2014.

3