

**NUMBERS 13-14-00358-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MICHAEL ANDREW COWAN,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

---

**On appeal from the 24th District Court
of Victoria County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Michael Andrew Cowan pleaded guilty to online solicitation of a minor, a

second degree felony, and the jury assessed punishment at seven years' imprisonment

and a $10,000 fine.   *See* TEX. PENAL CODE ANN. § 33.021(c) (West, Westlaw through Ch.

46 2015 R.S.).  By a single issue, appellant contends his sentence violated his due process rights.[1]  *See* U.S. CONST. amend. XIV. We affirm.

## I. BACKGROUND

During the sentencing phase of trial, Victoria Police Department Detective Cody Breunig testified to the events leading up to appellant's arrest.  Detective Breunig was assigned to a task force conducting a "pro-active" investigation to find online child predators.  During the investigation, Detective Breunig searched the website "Craig's List" for advertisements containing the word "young."  He then discovered appellant's advertisement entitled "Ladys young and old."  He located appellant's phone number in the advertisement, and contacted appellant via an internet communication program called "Google Voice", which allowed him to create a phone number.

While communicating with appellant via text message, Detective Breunig indicated he was a 15-year old female named "Brandi" who just moved from Florida.  Appellant continued to send messages to Detective Breunig and requested pornographic photos.  Appellant also described explicit sexual encounters he would like to have with "Brandi."  Appellant arranged to drive to a park to pick up "Brandi."  He did not show up at the scheduled time, but left several voice and text messages indicating he was still interested in meeting her.

The next day, appellant sent additional explicit messages to Detective Breunig.  Appellant arranged to pick up "Brandi" from a park near her house that evening.  Around

---

[1] We note that Cowan asserts throughout his brief that his arguments are "foreclosed under current law but [are] raise[d] … in an adversarial fashion for purposes of preserving error for possible further review."

2

4:30 p.m., appellant arrived at the agreed upon location in a white truck, which matched the vehicle description given to Detective Breunig. Appellant was arrested at the scene.

The jury assessed punishment at seven years' imprisonment and a $10,000 fine. The trial court asked whether there was any reason why the sentence should not be pronounced and imposed. Appellant's counsel responded "[n]o sir." The trial court sentenced appellant accordingly. This appeal followed.

## II. CONSTITUTIONALITY OF SENTENCE

By his sole issue, appellant contends that "the sentence imposed by the court in this case violates his U.S. constitutional due process right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code." Specifically, appellant argues that his sentence is inappropriate because "a sentence of probation would have . . . accomplished all of the sentencing objectives of the Texas Penal Code." Appellant maintains that "his substantive and procedural due process rights were violated when the court imposed a sentence of imprisonment."[2]

To preserve a complaint of improper sentencing, a criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Quintana v. State*,

---

[2] Appellant does not cite to the due process provisions of the United States Constitution or any case law interpreting those provisions. Appellant also fails to make any substantive due process arguments. *See* TEX. R. APP. P. 38.1(i).

3

777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see also* TEX. R. APP. P. 33.1. Appellant did not object when the trial court imposed sentence and did not complain of the sentence in any post-trial motion.

We also observe that appellant's sentence of seven years' imprisonment is within the statutory punishment mid-range for a second degree felony. TEX. PENAL CODE ANN. § 12.33 (range of punishment for second degree felony is "any term of not more than 20 years or less than 2 years"). A punishment within the limits prescribed by a valid statute is not per se excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928.

Inasmuch as appellant failed to object to the sentence and the sentence is within the punishment range for a second degree felony, we overrule appellant's issue. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

4