

## NUMBER 13-20-00393-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

KYLE LEE EAKIN,                                                    Appellant,

**v.**

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 24th District Court
### of De Witt County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Justice Benavides**

Appellant Kyle Lee Eakin was convicted of theft of a firearm, a state jail felony, and

was sentenced to two years in a state jail. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(C).

By one issue on appeal, Eakin contends that the trial court abused its discretion by issuing

an excessive sentence and therefore violated the Eighth Amendment of the United States

Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## I. BACKGROUND

On October 4, 2018, Eakin pleaded guilty to theft of a firearm that occurred on April 18, 2018. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(C). As a result of this guilty plea, Eakin was sentenced to five years of deferred adjudication community supervision, assessed a $1,000 fine, ordered to complete eighty hours of community service, and abide by the standard rules and conditions of community supervision. Additional charges were dismissed as part of the plea agreement with the State.

The State filed its motion to revoke community supervision on August 13, 2020, and alleged that Eakin committed the following violations: (1) committed the criminal offenses of possession of a controlled substance, criminal mischief, assault causing bodily injury, and possession of marijuana; and (2) failed to report to his community supervision officer, pay the costs and fees associated with his community supervision, and complete community service hours.

On September 1, 2020, Eakin's hearing for revocation of his community supervision occurred. Eakin pleaded true to failure to pay various fees, failure to report, and generally "being behind" on community service. Eakin pleaded not true to all other alleged violations.

The trial court found that Eakin had violated the terms of his community supervision by committing the offenses of: (1) possession of a controlled substance, (2) criminal mischief, (3) assault causing bodily injury, and (4) possession of marijuana. The trial court further held that Eakin failed to pay his monthly fine payments or fulfil his community

2

service hours. As a result of these violations, the trial court adjudicated Eakin's guilt, revoked his community supervision, and sentenced him to two years in a state jail facility. This appeal followed.

## II. EXCESSIVE PUNISHMENT

### A. Standard of Review and Applicable Law

The trial court's decision on punishment is reviewed for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi–Edinburg 1989, writ ref'd). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (explaining that a sentence will most likely not be overturned on appeal if it is assessed within the legislatively determined range).

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV. This right and almost every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d

144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that failure by the appellant to object at trial meant that an argument that the sentence was grossly disproportionate to offense was not preserved); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *see also* TEX. R. APP. P. 33.1(a). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479 (holding defendant waived cruel and unusual punishment argument by failing to object). Issues of constitutional error may be forfeited if not preserved by objection. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *see* TEX. R. APP. P. 33.1(a); *Noland v. State*, 264 S.W.3d at 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.*

4

**B.     Discussion**

Eakin contends that there was a violation of his Eighth Amendment rights. However, Eakin failed to object to his sentence before the trial court or in a motion for new trial. Therefore, he failed to preserve this issue for our review and forfeited his right to raise this complaint on appeal. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

Moreover, even if Eakin had preserved error, a two-year sentence for the crime of theft of a firearm is within the statutorily prescribed punishment range for a state jail felony. *See* TEX. PENAL CODE ANN. §§ 12.35(a); 31.03(e)(4)(c). And, the testimony at the revocation hearing did not establish that the sentence was grossly disproportionate to the offense when considering the factors elucidated in *Simpson*. *See* 488 S.W.3d 318, 323. The trial court did not err in assessing Eakin's sentence. We overrule Eakin's sole issue.

### III.     CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
15th day of July, 2021.

5