

# NUMBER 13-20-00501-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STEVEN WAYNE LANDRUM,                                        Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

By one issue, appellant Steven Wayne Landrum challenges the trial court's sentence of ten years' confinement for the offense of assault family violence by strangulation, a third-degree felony. *See* Tex. Penal Code Ann. § 22.01(b)(2)(B). Landrum contends that the ten-year sentence is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I § 13 of the Texas

Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I § 13. We affirm.

## I. BACKGROUND

On November 19, 2020, Landrum pleaded guilty to assault family violence by strangulation. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). The trial court found him guilty, sentenced him to ten-years' confinement, suspended the sentence, and placed Landrum on community supervision for a period of ten years. Subsequently, the State filed a motion to revoke community supervision alleging that Landrum violated the conditions of community supervision by failing to pay his fees, committing a subsequent offense of assault family violence, and violating a protective order. Landrum pleaded "not true" to these allegations. However, he pleaded "true" to the State's allegation that on July 2, 2020, he possessed a controlled substance, cocaine, that was not prescribed by a physician. The trial court held a hearing regarding the fees and Landrum's alleged commission of family violence and violation of a protective order.

Daphne Moore testified that Landrum had been placed on community supervision for committing the offense of family violence by strangulation and that she was the complainant in that case. According to Moore, Landrum violated the terms of his community supervision when he attacked her on July 3, 2020.

Moore described the incident as follows:

Basically, he had been, I guess, high for three days and then I was attempting to sleep[,] and he came into the bedroom and we were having a conversation and then he just kind of flipped out on me that morning. It had been going on for about three days, though.

. . . .

He jumped on the bed and started beating me in the face.

2

. . . .

> I had a black eye for almost two months. And my cheekbone was also cracked.

The trial court admitted a video depicting the incident showing that Landrum attacked Moore as she lay in bed.

Landrum's probation officer testified that Landrum was prohibited by the conditions of community supervision from committing family violence against Moore. The probation officer stated that Landrum had not paid his "[f]ine, court costs, Crime Stoppers and the family violence fee."

Landrum testified that when he committed the recent offense he was "totally high" and "out of his mind." Landrum explained that "It hadn't been no [sic] 12 hours since I used. I had just used not too long before that. I was looking on the floor like I was crazy. I don't do that." Landrum reiterated that he was not in his "right mind," "totally high," does not usually "act like that," and was "hurt" to see his behavior in the video.

The trial court found it "true" that Landrum possessed cocaine and struck and caused bodily injury to Moore, "a member of his family[,] in violation of § 22.01 of the Texas Penal Code." The trial court found the State's allegation regarding failure to pay fees "not true."

The trial court held a trial on punishment and admitted the pre-sentence investigation report offered by the State. The State asked the trial court to sentence Landrum to ten years' incarceration. Landrum testified that he has requested help for his drug addiction and that being incarcerated would not help him. Landrum asked the trial

court to continue his community supervision and requested to be placed in a drug rehabilitation facility.

The trial court revoked Landrum's community supervision and sentenced him to ten years' incarceration. This appeal followed.

## II. SENTENCE

By his sole issue, Landrum contends that the sentence violates the Eighth and Fourteenth Amendments of the United States Constitution and Article I § 13 of the Texas Constitution. *See* U.S. CONST. amends. VIII, XIV; TEX. CONST. art. I § 13. There is "no significance in the difference between the Eighth Amendment's 'cruel and unusual' phrasing and the 'cruel or unusual' phrasing of Article I, Sec. 13 of the Texas Constitution." *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997). Therefore, we analyze Landrum's United States and Texas Constitutional complaints together. *See id.*

### A. Standard of Review and Applicable Law

The trial court's decision on punishment is reviewed for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi–Edinburg 1989, writ ref'd). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *see Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (explaining that a sentence will most likely not be overturned on appeal if it is assessed

4

within the legislatively determined range).

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII; *see also* TEX. CONST. art. I § 13 (prohibiting "cruel or unusual" punishment). The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. XIV. But this right and almost every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that the appellant's failure to object at trial meant that an argument that the sentence was grossly disproportionate to offense was not preserved); *see also Maza v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi–Edinburg June 11, 2015, no pet.) (mem. op., not designated for publication) (prohibiting the appellant from making his Eighth Amendment violation argument for the first time on appeal because the argument was not preserved as he did not object in the trial court). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479 (holding defendant waived cruel and unusual punishment argument by failing to object).

5

**B.      Analysis**

Here, Landrum neither objected when the trial court pronounced the sentence, nor complained in any post-trial motion, that the sentence was excessive or violated the Eighth Amendment or the Texas Constitution. Therefore, Landrum has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Landrum preserved error, a punishment falling within the limits prescribed by a valid statute, as in this case, is generally not excessive, cruel, or unusual unless under exceedingly rare circumstances not found here. *See Trevino*, 174 S.W.3d at 928; *see also* TEX. PENAL CODE ANN. § 12.34(a) (establishing that the sentence for a third-degree felony is two to ten years' incarceration). Therefore, because Landrum failed to object to the sentence and the sentence is within the punishment range, we overrule Landrum's sole issue. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

### III.      CONCLUSION

The trial court's judgment is affirmed.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of August, 2022.