

# NUMBER 13-22-00428-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RUSSELL SCOTT ROGERS,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

**On appeal from the 105th District Court
of Kleberg County, Texas.**

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Tijerina**

Pursuant to a plea agreement with the State, appellant Russell Scott Rogers pleaded guilty to one count of stalking, a third-degree felony, and one count of possession of a controlled substance, namely methamphetamine, a state jail felony. *See* TEX. PENAL CODE ANN. § 42.072; TEX. HEALTH & SAFETY CODE ANN. § 481.115. The trial court sentenced Rogers to ten years' confinement for the stalking offense and two years'

confinement for the possession of methamphetamine offense. The trial court suspended the sentence for each offense and ordered community supervision for eight years on each count to be served concurrently. Subsequently, the State filed a motion to revoke community supervision, Rogers pleaded "true" to the State's allegations, the trial court revoked Rogers's community supervision, and it sentenced him to ten years' confinement for the stalking offense and two years' confinement for the possession offense, to be served concurrently. By one issue, Rogers contends that the sentences imposed were disproportionate to the crimes committed in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. We affirm the judgment as modified.

## I.    STANDARD OF REVIEW AND APPLICABLE LAW

The trial court's decision on punishment is reviewed for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi–Edinburg 1989, writ ref'd). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (explaining that a sentence will most likely not be overturned on appeal if it is assessed within the legislatively determined range).

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV. This right and almost every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that the appellant's argument that the sentence imposed was grossly disproportionate to the offense had not been preserved due to the appellant's failure to object at trial); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *see also Maza v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi–Edinburg June 11, 2015, no pet.) (mem. op., not designated for publication) (prohibiting the appellant from making his Eighth Amendment violation argument for the first time on appeal because the argument was not preserved as he did not object on that basis in the trial court); *Martinez v. State*, No. 13-02-508-CR, 2003 WL 22681385, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2003, pet. ref'd) (mem. op., not designated for publication) (same). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–

3

28; *Quintana*, 777 S.W.2d at 479 (holding defendant waived cruel and unusual punishment argument by failing to object).

## II.  ANALYSIS

By his sole issue, Rogers contends that the sentences imposed were disproportionate to his crimes in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. Specifically, although he recognizes that "an appeal prefaced on the grounds of disproportionate punishment may be frivolous," Rogers states that he has "raised this specific issue to ensure that there was no waiver of an anticipatory claim of disproportionate punishment in Federal Court."

However, Rogers neither objected when the trial court pronounced the sentence for each offense nor complained, in any post-trial motion that the sentence for each offense was excessive, disproportionate, or violated the Eighth or Fourteenth Amendments.[1] *See id.* Therefore, Rogers has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Rogers preserved error, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928.

---

[1] In his brief, Rogers states, "[I]t should be noted in the record that the Appellant did in fact object to the sentences imposed during the MTR hearing." To preserve an issue for appeal, the appellant is required to specifically apprise the trial court of his objection and obtain a ruling. *See* TEX. R. APP. P. 33.1. However, at the motion to revoke hearing, after the trial court announced the sentence for each offense, Rogers said, "I want to plead not true" and "I'd like another court then." Neither of these statements imply that Rogers objected to the sentence of either offense because it is excessive, disproportionate or violates the Eighth or Fourteenth Amendments. Thus, we conclude that Rogers has not preserved this issue for our review. *See id.*

4

Therefore, because Rogers failed to object to the sentence and the sentence is within the punishment range, we overrule Rogers's sole issue. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

### III.   MODIFICATION OF JUDGMENT

The judgment revoking community supervision for the convictions of stalking and possession of a controlled substance states that the date of offense is August 26, 2021. We modify the judgment to recite the correct date of offense: Count 1 – August 26, 2021 and Count 2 – August 22, 2021. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (noting that we have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so).

### IV.   CONCLUSION

We affirm the trial court's judgment as modified.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of July, 2023.